No. 97-290

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 72N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

PAUL LEE DAVIS,

Defendant and Appellant.

APPEAL FROM: District Court of the Seventeenth Judicial District,

In and for the County of Phillips,

The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Alan Johnson, Attorney at Law, Malta, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General, Helena, Montana

Pamela P. Collins, Ass't Attorney General, Helena, Montana

Ed Amestoy, Phillips County Attorney, Malta, Montana

Dan O'Brien, Deputy Phillips County Attorney, Malta, Montana

Submitted on Briefs: November 12, 1998

Decided: April 6, 1999

Filed:

No

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Paul Lee Davis (Davis) appeals his conviction in the District Court for the Seventeenth Judicial District, Phillips County, of felony theft. He also appeals the District Court's denial of his motion to suppress a tape recording the police secretly made while interviewing Davis in his home regarding the theft. We affirm.**

**¶3. Davis raises only one issue on appeal: Does the right to privacy under Article II, Section 10 of the Montana Constitution prevent the unpermitted secret recording of conversations between sheriff's deputies and a citizen and his family when conducted inside the citizen's home. Because we hold that Davis's failure to object to the introduction of the tape recording is dispositive, we decline to address the issue raised by Davis.**

### Factual and Procedural Background

**¶4. On the morning of March 11, 1996, Doug French, the animal control officer and landfill attendant for the City of Malta, went to the Lew Tuma residence to pick up a dog that had reportedly bitten a child. The dog was owned by Tuma. When French explained that he needed to quarantine the dog for a few days, Tuma relinquished the dog without objection.**

Davis was at the Tuma residence when French came to pick up the dog. Davis became angered when French placed the dog in a cage in the rear of his truck. Davis argued that French needed a court order before he could take the dog. French left the Tuma residence with the dog and returned to the city landfill.

**¶5. French left the dog in the back of his truck and entered the trailer that served as his office to do some paperwork. While French was in the trailer, several people came to the landfill to dump their garbage. After they had done so, French left the trailer to cover the garbage with dirt using a front-end loader. While French was working on the front-end loader, he saw Davis arrive at the landfill. However, from the area where French was working, he could not see the trailer or his truck, nor could he hear anything over the noise of the loader.**

**¶6. When French returned to the trailer a few minutes later, he noticed that the two-band Motorola radio that he used to contact the city crew and the sheriff's department was missing. French also noticed that the cage housing Tuma's dog had been damaged. The door to the cage had been pried open part way and it appeared that someone had tried to shoot off the lock. Even so, the cage was still locked and the dog was in the cage. French contacted the sheriff's department and reported the damaged cage and the missing radio.**

**¶7. Deputy Larry Solberg was dispatched to the city landfill to investigate the theft. After verifying that the radio was missing and that the damage to the lock was probably caused by a bullet, Deputy Solberg headed back to Malta. As he did so he heard a voice, which he recognized as Davis's, broadcasting briefly over the police radio.**

**¶8. At about 5 p.m. that evening, Deputy Solberg and two other deputies went to Davis's residence to question him about the radio. When they arrived, Davis invited the officers into his home. Unbeknownst to Davis, Deputy Solberg was carrying an audiotape recorder which he had turned on prior to entering Davis's home. The tape recording of the ensuing conversation between Davis and the officers is the subject of this appeal.**

**¶9. On April 17, 1996, Davis was charged by Information with burglary, a felony, in violation of § 45-6-204(1), MCA, and theft, a felony, in violation of § 45-6-301(1)(a), MCA. On August 2, 1996, Davis moved to suppress the tape recording made by**

Deputy Solberg. A hearing was held on Davis's motion to suppress, after which the District Court denied the motion. On October 9, 1996, Davis was tried before a twelve person jury. The jury failed to reach a unanimous verdict and the District Court declared a mistrial.

¶10. On December 10, 1996, Davis's counsel informed the court that no motions would be made prior to Davis's January 29, 1997 retrial on the charges of felony theft and burglary. During the trial, Davis testified that he did attempt to shoot off the lock on the cage to free the dog, but he denied entering the trailer or taking the radio. The jury reached its verdict on January 30, 1997. Davis was found guilty of felony theft and not guilty of burglary.

¶11. On March 10, 1997, Davis was sentenced to six years with the Montana Department of Corrections with four years suspended. The court recommended that Davis be placed in a pre-release center and that he undergo chemical dependency evaluation and treatment.

¶12. Davis appeals his conviction and the denial of his motion to suppress the tape recording.

## Discussion

¶13. The State argues that Davis's claim that the District Court erred in denying his motion to suppress the tape recording has not been properly preserved for appeal because Davis failed to object. This Court has consistently stated that before it will address an issue on appeal, a defendant must show that he has first raised the issue in the district court. *State v. Spotted Blanket*, 1998 MT 59, ¶ 13, 288 Mont. 126, ¶ 13, 955 P.2d 1347, ¶ 13; *State v. Woods* (1997), 283 Mont. 359, 372, 942 P.2d 88, 96-97; *State v. Weeks* (1995), 270 Mont. 63, 86, 891 P.2d 477, 491. In other words, the district court should be given the first opportunity to correct any trial errors. *State v. Schmalz*, 1998 MT 210, ¶ 11, 964 P.2d 763, ¶ 11, 55 St.Rep. 889, ¶ 11 (citation omitted). In addition, § 46-20-104(2), MCA, provides:

Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2).

¶14. In the case before us on appeal, Davis moved to suppress the tape recording prior to his first trial, but the District Court denied the motion. A status conference was held prior to Davis's second trial and Davis's counsel informed the court that he did not intend to make any pretrial motions. Thereafter, the court advised the parties that the rulings made prior to the first trial concerning "discovery," would remain in effect, but the court made no mention of any other prior rulings.

¶15. During Davis's second trial, when the State moved for the admission of the tape recording, Davis's counsel stated that he had no objection. Similarly, when the State moved for the admission of the transcript of the tape recording for demonstrative purposes, Davis's counsel once again stated that he had no objection.

¶16. Although Davis moved to suppress the tape recording prior to the first trial, this was not sufficient to preserve his objection to the admission of the tape recording or the transcript in the second trial. This Court has stated that the general rule of law is that where the first proceeding results in a mistrial, the parties are placed in the same position as if there had been no trial in the first place. *State v. Van Dyken* (1990), 242 Mont. 415, 427, 791 P.2d 1350, 1358, *cert denied*, 498 U.S. 920, 111 S.Ct. 297, 112 L.Ed.2d 251 (1990); § 46-16-701, MCA.

¶17. Thus, in order to preserve this issue for appeal, Davis was required to make a timely objection to the tape recording and the transcript during his second trial. Since Davis failed to make such an objection and since none of the statutory exceptions listed in § 46-20-701(2), MCA, has been met, we are precluded from considering the alleged error.

¶18. Affirmed.

/S/ JAMES C. NELSON

We concur:


/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

No

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER